ABRAMSON & DENENBERG, P.C.
BY:  THOMAS BRUNO, II, ESQUIRE
IDENTIFICATION NO:  26180
1315 WALNUT STREET, 12TH FLOOR
PHILADELPHIA, PA 19107
(215) 546-1345

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICK MCCRACKEN, ADMINISTRATOR | : |
| of the ESTATE OF | : CIVIL ACTION |
| JEFFREY ALLEN MCCRACKEN | : |
| 13200 LONG LANE | : JURY TRIAL DEMANDED |
| MERCERSBURG, PA 17326 | : |
|        Plaintiff | : No. |
| | : |
|       v. | : |
| | : |
| FULTON  COUNTY | : |
| 116 WEST MARKET STREET, SUITE 203 | : |
| MCCONNELSBURG, PA 17233 | : |
|    and | : |
| COMMISSIONER STUART ULSH | : |
| 116 WEST MARKET STREET, SUITE 203 | : |
| MCCONNELSBURG, PA 17233 | : |
|    and | : |
| COMMISSIONER RODNEY L. MCCRAY | : |
| 116 WEST MARKET STREET, SUITE 203 | : |
| MCCONNELSBURG, PA 17233 | : |
|    and | : |
| COMMISSIONER LARRY R. LYNCH | : |
| 116 WEST MARKET STREET, SUITE 203 | : |
| MCCONNELSBURG, PA 17233 | : |
|    and | : |
| FULTON COUNTY SHERIFF KEITH STAINS | : |
| 207 N. 2nd STREET | : |
| MCCONNELSBURG, PA 17233 | : |
|    and | : |
| FULTON COUNTY DEPUTY | : |
| SHERIFF JOHN DOE # 1-5 | : |
|  207 N. 2nd STREET | : |
| MCCONNELSBURG, PA 17233 | : |
|    and | : |
| BEDFORD COUNTY | : |
| 200 S. JUNIATA STREET | : |

**BEDFORD, PA 15522** :
       and :
**BEDFORD COUNTY SHERIFF** :
**CHARWIN REICHELDERFER** :
**200 S. JUNIATA STREET** :
**BEDFORD, PA 15522** :
       and :
**BEDFORD COUNTY DEPUTY** :
**SHERIFF JOHN DOE #1-5** :
**200 S. JUNIATA STREET** :
**BEDFORD, PA 15522** :
       And :
**COMMISSIONER FOR THE** :
**PENNSYLVANIA POLICE** :
**COLONEL TYREE BLOCKER** :
**1800 ELMERTON AVENUE** :
**HARRISBURG, PA** :
       and :
**TROOPER JASON PIEROTTI** :
**500 FULTON DRIVE** ;
**MCCONNELLSBURG, PA** :
       and :
**TROOPER SETH SPRAGUE** :
**500 FULTON DRIVE** ;
**MCCONNELLSBURG, PA** :
       and :
**CORPORAL ELLIS BARNETT** :
**500 FULTON DRIVE** ;
**MCCONNELLSBURG, PA** :
       and :
**TROOPER JAMES DOUNTAS** :
**500 FULTON DRIVE** ;
**MCCONNELLSBURG, PA** :
       and :
**TROOPER CHRIS  BOURNE** :
**500 FULTON DRIVE** ;
**MCCONNELLSBURG, PA** :
       and :
**CORPORAL JEFF REMEIKAS** :
**500 FULTON DRIVE** ;
**MCCONNELLSBURG, PA** :
 and :
**TROOPER ZACHARY BEERS** :
**500 FULTON DRIVE** ;
**MCCONNELLSBURG, PA** :
       and :

**TROOPER JOHN DOE #'s 1-8**        **:**
**500 FULTON DRIVE**        **;**
**MCCONNELLSBURG, PA**        **:**
       **And**        **:**
**WARDEN TROY NELSON**        **:**
**BEDFORD COUNTY PRISON**        **:**
**425 IMLERTOWN ROAD**        **:**
**BEDFORD, PA 15522**        **:**
**LANCASTER, PA 17602**        **:**
       **and**        **:**
**CORRECTIONAL OFFICER**        **:**
**DARRELL HOLLIDAY**        **:**
**BEDFORD COUNTY PRISON**        **:**
**425 IMLERTOWN ROAD**        **:**
**BEDFORD, PA 15522**        **:**
**LANCASTER, PA 17602**        **:**
       **and**        **:**
**CORRECTIONAL OFFICER**        **:**
**JOHN DOE #'s 1-5**        **:**
**BEDFORD COUNTY**        **:**
**425 IMLERTOWN ROAD**        **:**
**BEDFORD, PA 15522**        **:**
**LANCASTER, PA 17602**        **:**
       **and**        **:**
**PRIMECARE MEDICAL, INC.**        **:**
**3940 LOCUST LN.**        **:**
**HARRISBURG, PA  17109**        **:**
       **and**        **:**
**DOCTOR JOHN DOE**        **:**
**MEDICAL DIRECTOR FOR**        **:**
**PRIME CARE MEDICAL, INC.**        **:**
       **and**        **:**
**TODD HASKINS**        **:**
**PRIMECARE MEDICAL, INC.**        **:**
       **and**        **:**
**DEBRA SLICK, RN**        **:**
**MEDICAL STAFF EMPLOYEE**        **:**
**PRIMECARE MEDICAL, INC.**        **:**
       **and**        **:**
**LIANA ALTEMUS, RN**        **:**
**MEDICAL STAFF EMPLOYEE**        **:**
**PRIMECARE MEDICAL, INC.**        **:**
       **and**        **:**
**KATHERINE BARRETT, LPN**        **:**
**MEDICAL STAFF EMPLOYEE**        **:**
**PRIMECARE MEDICAL, INC.**        **:**

**and** : 

**JOHN/JANE DOES 1-5** :

**MEDICAL STAFF EMPLOYEE** :

**PRIMECARE MEDICAL, INC.** :

           **Defendants** :

_____

## COMPLAINT

### I.     INTRODUCTION

1.     Plaintiff brings this action for damages pursuant to 42 U.S.C. § 1983 and the Due Process Clause of the Fourteenth Amendment of the United States Constitution, as well as the Constitution of the Commonwealth of Pennsylvania and its statutory and common laws, as the result of the death of his father, Jeffrey Allen McCracken, while incarcerated as a pretrial detainee of Fulton County and being housed at Bedford County Prison ("BCP").

### II.     JURISDICTION and VENUE

2.     The court has jurisdiction over the Federal Law Claims pursuant to 28 U.S.C. §1331 and §1343 and jurisdiction over the State Law Claims pursuant to 28 U.S.C. § 1367 and the principals of pendant and ancillary jurisdiction.

3.     Venue is proper under 28 U.S.C. §1391(b) because the cause of action upon which the complaint is based arose in Fulton County, Pennsylvania, which is in the Middle District of Pennsylvania.

### III.     PARTIES

4.     Plaintiff, Patrick McCracken is an adult citizen of the Commonwealth of Pennsylvania residing as captioned, and was at all times material hereto the son of the decedent, Jeffrey Allen McCracken.

4

5.      Plaintiff Patrick McCracken is the administrator of the estate of his deceased father, Jeffrey Allen McCracken, and the sole heir of that estate.

6.      Defendant, Fulton County, is an entity organized and existing under the laws of the Commonwealth of Pennsylvania, which maintains a central office and/or principal place of business located as captioned.

7.      Defendant Commissioner Stuart Ulsh, was at all material times a Commissioner of  Fulton County, an entity organized and existing under the laws of the Commonwealth of Pennsylvania, that maintains  principal office as captioned.

8.      Defendant Commissioner Rodney L. McCray, was at all material times a Commissioner of  Fulton County, an entity organized and existing under the laws of the Commonwealth of Pennsylvania, that maintains  principal office as captioned.

9.      Defendant Commissioner Larry R. Lynch, was at all material times a Commissioner of  Fulton County, an entity organized and existing under the laws of the Commonwealth of Pennsylvania, that maintains  principal office as captioned.

10.     Defendant Fulton County Sheriff Keith Stains was at all material times the Commanding Officer of the Sheriff's Department of Fulton County, an agency organized and existing under the laws of the Commonwealth of Pennsylvania, that maintains principal office as captioned.

11.     Defendants, Fulton County Deputy Sheriff  John Doe #'s 1-5, are adult individuals and residents of the Commonwealth of Pennsylvania, who at all material times were employed by the Fulton County Sheriff's Department and Defendant Fulton County.

12.     At all material times defendants, Fulton County Deputy Sheriff John Doe #1-5, acted within the course and scope of their employment, under color of state law and

5

pursuant to the customs, policies and/or practices of Fulton County, Commissioner Stuart Ulsh, Commissioner, Rodney McCray, Commissioner Larry R. Lynch, the Fulton County Sheriff Department and the defendant Fulton County Sheriff Keith Stains.

13.     Defendants, Fulton County Sheriff Keith Stains and Fulton County Deputy Sheriff John Doe #'s 1-5 were at all times material hereto acting under color of state law and are being sued in their individual capacities.

14.     At all material times, defendant, Fulton County and its Commissioners Ulsh, McCray and Lynch and Sheriff Stains were charged with the responsibility of overseeing and/or providing adequate medical care to pretrial detainees/inmates, and protecting them from suicide, including the decedent, Jeffrey Allen McCracken, and due to an alleged overcrowding at its prison facilities, delegated that constitutional duty to Bedford County and/or Bedford County Sheriff  Charwin Reichelderfer and/or Defendants, PrimeCare Medical, Inc. and/or Warden Troy Nelson, as well as their employees.

15.     Defendant, Bedford County, is an entity organized and existing under the laws of the Commonwealth of Pennsylvania, which maintains a central office and/or principal place of business located as captioned.

16.     At all material times, defendant, Bedford County had a contract with Fulton County to house its prisoners and undertook a constitutional duty and was charged with the responsibility of overseeing and/or providing adequate medical care to pretrial detainees/inmates, and protecting them from suicide, including the decedent, Jeffrey Allen McCracken.

17.     Defendant Bedford County Sheriff Charwin Reichelderfer was at all material times the Sheriff of  Bedford County, was at all material times the Commanding

Officer of the Sheriff's Department of Bedford County, an agency organized and existing under the laws of the Commonwealth of Pennsylvania, that maintains principal office as captioned.

18.    Defendants, Bedford County Deputy Sheriff John Doe #'s 1-5, are adult individuals and residents of the Commonwealth of Pennsylvania, who at all material times were employed by the Bedford County Sheriff Department and Defendant Bedford County.

19.  At all material times defendants, Bedford County Deputy Sheriff John Doe #1-5, acted within the course and scope of their employment, under color of state law and pursuant to the customs, policies and/or practices of Bedford County, the Bedford County Sheriff Department and the defendant Bedford County Sheriff Charwin Reichelderfer.

20.    Defendants, Bedford County Sheriff Charwin Reichelderfer and Bedford County Deputy Sheriff John Doe #'s 1-5 were at all times material hereto acting under color of state law and are being sued in their individual capacities.

21.    Defendant Warden Troy Nelson was at all material times the Warden of BCP, in Bedford County, an agency organized and existing under the laws of the Commonwealth of Pennsylvania, that maintains principal office as captioned.

22.    Defendants, Correctional Officer Darrell Holliday ("C/O Holliday") and Correctional Officers John Doe #'s 1-5, ("C/O John Doe #'s 1-5") are adult individuals and residents of the Commonwealth of Pennsylvania, who at all material times were employed by BCP, and Defendant Bedford County.

23.    At all material times defendants, C/O Holliday and C/O John Doe #1-5, acted within the course and scope of their employment, under color of state law and

pursuant to the customs, policies and/or practices of Bedford County, BCP and the defendant Warden Troy Nelson.

24.     Defendants, Warden Troy Nelson, C/O Holliday and C/O John Doe # 1-5 were at all times material hereto acting under color of state law and are being sued in their individual capacities.

25.     Defendant, PrimeCare Medical, Inc. "PMC" is a corporation with its primary location as set forth above. At all times material, PMC had a contract with Fulton County and/or Bedford County and BCP to hire, train and supervise medical/psychiatric personnel and to establish related procedures and policies for Fulton County and the Bedford County prison system, and to provide constitutionally adequate medical care to persons incarcerated at BCP, and to protect them from suicide, including the decedent, Jeffrey Allen McCracken.

26.     At times material hereto, Defendant, PMC acted under of color of state law, pursuant to contract, in joint participation with Defendants Fulton County and Bedford County to provide medical care to pretrial detainees and inmates at BCP, and were fulfilling a traditional governmental function.

27.     At all material times, Defendant, PMC was a state actor.

28.     At all material times, Defendant, PMC, acted or failed to act by and through its/their agents, servants, and/or employees, then and there acting within the course and scope of their agency or employment.

29.     Defendant, Doctor John Doe, was at all material times an adult individual and resident of the Commonwealth of Pennsylvania who was the Medical Director for the Defendant, PMC and/or was responsible for overseeing and for the hiring, training, supervision and discipline of all medical staff at the BCP Facility, including Defendants,

Debra Slick, RN, Liana Altemus, RN, Katherine Barrett, RN, Todd Haskins and John/Jane Doe # 1-5.

30.     Defendant, Doctor John Doe, along with Defendants, Debra Slick, RN, Liana Altemus, RN, Katherine Barrett, RN, Todd Haskins and John/Jane Does #'s 1-5, were responsible for providing the medical and/or psychiatric care to pretrial detainees/inmates at BCP, including the decedent, Jeffrey Allen McCracken.

31.     Defendants, Doctor John Doe, Debra Slick, RN, Liana Altemus, RN, Katherine Barrett, RN, Todd Haskins and John/Jane Does #'s 1-5 are adult individuals and residents of the Commonwealth of Pennsylvania, who at all material time were employed as health care providers working at BCP.

32.     Defendants, Doctor John Doe, Debra Slick, RN, Liana Altemus, RN, Katherine Barrett, RN, Todd Haskins and John/Jane Doe # 1-5, were at times material hereto acting under color of state law and are being sued in their individual capacity.

33.     Defendant Commissioner Colonel Tyree Blocker, was at all material times the Commissioner of the Pennsylvania State Police, a state agency organized and existing under the laws of the Commonwealth of Pennsylvania, that maintains  principal office as captioned.

34.     Defendant, Trooper Jason Pierotti was at all times a state trooper with the Pennsylvania State Police Department.

35.     Defendant, Trooper Seth Sprague was at all times a state trooper with the Pennsylvania State Police Department.

36.     Defendant, Corporal Ellis Barnett was at all times a state trooper with the Pennsylvania State Police Department.

37.     Defendant, Trooper James Dountas was at all times a state trooper with the Pennsylvania State Police Department.

38.     Defendant, Trooper Chris Bourne was at all times a state trooper with the Pennsylvania State Police Department.

39.    Defendant, Corporal Jeff  Remeikas was at all times a state trooper with the Pennsylvania State Police Department.

40.    Defendant Trooper Zachary Beers was at all times a state trooper with the Pennsylvania State Police Department.

41.    Defendant, Trooper John Doe #'s 1-8 were at all times state troopers with the Pennsylvania State Police Department

42.    At all material times, defendant Commissioner Colonel Tyree Blocker was charged with the responsibility of testing, hiring, training and/or supervising members of the Pennsylvania State Police including in particular, defendants, Trooper Jason Pierotti, Trooper Seth Sprague, Corporal Ellis Barnett, Trooper James Dountas, Trooper Chris Bourne, Corporal Jeff Reimeikas, Trooper Zachary Beers, Trooper John Doe #s 1-8.

43.    At all material times defendants, Trooper Jason Pierotti, Trooper Seth Sprague, Corporal Ellis Barnett, Trooper James Dountas, Trooper Chris Bourne, Corporal Jeff Reimeikas, Trooper Zachary Beers, Trooper John Doe #s 1-8, acted within the course and scope of their employment, under color of state law and pursuant to the customs, policies and/or practices of the Pennsylvania State Police Department and the defendant Commissioner Colonel Tyree Blocker.

44.    Defendants, Trooper Jason Pierotti, Trooper Seth Sprague, Corporal Ellis Barnett, Trooper James Dountas, Trooper Chris Bourne, Corporal Jeff Reimeikas, Trooper Zachary Beers, Trooper John Doe #s 1-8, are being sued in their individual capacity.

45.    At all material times, all individually named Defendants acted in concert, pursuant to an agreement and/or policy of Fulton County/Bedford County/Warden Troy Nelson/Commissioner Colonel Tyree Blocker/Dr. John Doe and/or PMC to cause harm to the Plaintiff by denying him adequate medical care and failing to prevent him from suicide, when he had a known and obvious risk of suicide.

### III.    OPERATIVE FACTS

46.    On or about June 24, 2017, Jeffrey Allen McCracken ("McCracken") and his girlfriend of 10 years Keri Moore ("Moore") got into a domestic argument at their home at 34001 Great Cove Road, Burnt Cabins, PA. They had been having relationship troubles for the previous two months, which was very upsetting to McCracken.

47.    McCracken was depressed and emotionally distraught.

48.    Moore stopped talking to McCracken and went to bed.  At about 1:00 am on June 25, 2017, McCracken called for Moore to come out of the bedroom.  McCracken reached for a loaded shotgun and put its barrel to his mouth in an attempt to kill himself.

49.    Moore lunged to get the gun away from McCracken when the gun discharged and shot into the ceiling. Moore's sister came and also tried to grab the gun away from him, as McCracken left the house.

50.    Moore dialed 911 and told the dispatcher that her boyfriend had tried to kill himself with a gun.

51.    The state police were dispatched by radio call advising of McCracken's suicide attempt.

52.    Defendants Troopers Pierotti and Sprague were dispatched to the Burnt Cabin home. Moore and her sister advised the troopers that McCracken was suicidal. The troopers looked for McCracken but could not find him. The troopers were advised by their supervisor, Defendant Corporal Ellis Barnett to go back to the barracks and initiate criminal charges against McCracken.

53.    Pierotti requested that Moore and her sister go to the state police barracks in McConnellsburg to give a statement. At the barracks, Moore and her sister related the incident including that McCracken pointed the barrel of the loaded shotgun into his mouth in an attempt to kill himself.

54.     Rather than seeking psychiatric help for McCracken or admitting him for psychiatric evaluation and care pursuant to 50 Pa.C.S. §7302 (a) (2), Pierotti prepared criminal charges including Recklessly Endangering Another Person, Simple Assault and Discharge of a Firearm into an Occupied Structure and issued a warrant for McCracken's arrest for the aforementioned charges.

55.     Despite knowing that he posed a risk of harm to himself, on June 25, 2017 at about 10:00 am, Defendants Corporal Remeikas, Troopers Dountas, Bourne, and Beers returned to the Great Cove Road residence and seized McCracken and arrested him for criminal offenses related to his attempt to kill himself.

56.     On June 25 at about 12:05 pm, at the barracks, McCracken was read his Miranda rights by Dountas. Thereupon McCracken related he had gotten into an argument with Moore. When she refused to talk to him he got his shotgun and threatened to kill himself. When Moore tried to take the gun from him, it went off into the ceiling.

57.     Neither Dountas nor any other of Defendant State Troopers referred McCracken for a psychiatric examination or a 302 screening.

59.     McCracken was subsequently arraigned in Fulton County and ordered detained until his Preliminary Hearing.

60.     At that time, due to alleged overcrowding, Fulton County delegated its constitutional duty to provide adequate medical care, protection from a suicide, and housing to its pretrial detainees to Bedford County Prison and/or Defendants, PrimeCare Medical, Inc. and/or Warden Troy Nelson, as well as their employees.

61.     On June 25, 2017, McCracken was transported to BCP by Defendants Fulton County Sheriff Keith Stains and/or Fulton County Deputy Sheriff John Doe # 1-5, and/or Bedford County Sheriff Charwin Reichelderfer, and/or Bedford County Deputy Sheriff John Doe #1-5, and/or Trooper Jason Pierotti, and/or Trooper Seth Sprague, and/or Corporal Ellis Barnett, and/or Trooper James Dountas, and/or Trooper Chris

Bourne, and/or Corporal Jeff Reimeikas, and/or Trooper Zachary Beers, and/or Trooper John Doe #s 1-8. (collectively referred to as "Transporting Officers")

62.     McCracken was subsequently housed as an inmate at BCP. At the time he was housed at BCP, McCracken had a known and obvious risk of and vulnerability to suicide.

63.     The Transporting Officers knew of McCracken's suicide attempt and had a duty to inform the personnel at BCP that McCracken had attempted to commit suicide.

64.     McCracken came under the care of Defendants, Doctor John Doe and Defendants, Debra Slick, RN, Liana Altemus, RN, Katherine Barrett, RN, Todd Haskins and John/Jane Doe # 1-5 and custody and protection of Defendants Warden Troy Nelson, C/O Holliday, and C/O John Doe #1-5 and despite the fact that he was depressed, distraught and had recently attempted suicide, he was not placed on suicide watch. He was housed by himself in the gymnasium because of alleged overcrowding in the booking area and in the general population.

65.     After being admitted to BCP and while incarcerated at BCP, McCracken made a telephone call to Moore that was monitored by BCP C/O Holliday and/or C/O John Doe #1-5.  During that telephone call McCracken told Moore that he had written a suicide note and where she could find it in their home.  Despite the call being monitored by BCP C/O Holliday and/or C/O John Doe #1-5, and despite McCracken having a known and obvious risk of and vulnerability to suicide, BCP C/O Holliday and/or C/O John Doe #1-5 took no action to place McCracken on suicide watch, or refer him back to medical or take any actions to protect McCracken from suicide.

66.     On June 27, 2017 McCracken, unsupervised, was permitted to carry his bed sheet and enter a bathroom in the gym. Thereupon he hung himself with the bed sheet that he attached to the metal retractor of the door in the bathroom.

67.     When Defendant Holliday looked for McCracken at approximately 5:55 a.m., he found him hanging by a sheet from the closed bathroom door.

68.     Lifesaving efforts were performed with no success and McCracken was pronounced dead.

69.     Defendants intentionally and/or with deliberate indifference, ignored McCracken's high suicide risk and did not provide him adequate medication, or psychiatric/psychological care and treatment, despite the fact that the need for such medical care and treatment was obvious.

70.     Defendants knew that McCracken was a high suicide risk, but failed to place him on suicide watch, provide him adequate medication and/or psychiatric/ psychological care and treatment.

71.     At the time that McCracken hung himself, he was under the care and treatment of Defendants PrimeCare, Doctor John Doe and Defendants, Debra Slick, RN, Liana Altemus, RN, Katherine Barrett, RN, Todd Haskins and John/Jane Doe # 1-5 custody and protection of Defendants Warden Troy Nelson, C/O Holliday, and C/O John Doe #1-5  all of whom knew or should have known that he was particularly vulnerable to suicide, and that there was a strong likelihood that he would attempt suicide, yet none of whom took any action to place McCracken on suicide watch and/or provide him adequate medication and care and treatment.

72.     The fact that McCracken was particularly vulnerable to suicide constitutes a serious medical need.

73.     Defendants PrimeCare, Doctor John Doe and Defendants, Debra Slick, RN, Liana Altemus, RN, Katherine Barrett, RN, Todd Haskins and John/Jane Doe # 1-5 and Defendants Warden Troy Nelson, C/O Holliday, and C/O John Doe #1-5  were deliberately indifferent to this serious medical need by delaying and denying McCracken access to psychiatric care and treatment, and by providing inadequate psychiatric care and treatment, resulting in his death.

74.     If the aforementioned Defendants had not been deliberately indifferent to the decedent's serious psychiatric and medical needs, he would not have attempted or been able to commit suicide.

75.     The decedent, Jeffrey McCracken, was confined to the prison without adequate surveillance, supervision, or proper medical and/or psychological/psychiatric treatment resulting in the hanging and his death.

76.     Upon information and belief, Defendants knew prior to the aforementioned date that certain persons, especially persons who were under severe emotional stress, would exhibit mentally disturbed and/or suicidal behavior that would require immediate and specialized psychiatric and/or medical treatment and supervision, including being placed on suicide watch.

77.     Upon information and belief, Defendants also knew that safe and effective means of preventing detainees from attempting or committing suicide existed, including but not limited to: removal of potential implements used to commit suicide (clothing, sheets, shoe laces), taped visual monitoring, actual observation and/or immediate referral of the person to a medical and/or psychiatric facility instead of leaving the person in a bathroom with the implements with which to commit suicide and failing to have a policy that incarcerated persons would be checked on while using the bathroom in the gym.

78.     Upon information and belief, as a result of the Defendants' actual knowledge of the decedent's potentially suicidal/depressed emotional state and his need for immediate psychiatric treatment and specialized supervision, the failure of defendants, Fulton County, Commissioner Stuart Ulsh, Commissioner Rodney L. McCray, Commissioner Larry R. Lynch, Fulton County Sheriff Keith Stains, Fulton County Deputy Sheriff John Doe #1-5, Bedford County, Bedford County Sheriff Charwin Reichelderfer, Bedford County Deputy Sheriff John Doe #1-5, Commissioner Tyree Blocker, Trooper Pierotti, Trooper Sprague, Corporal Barnett, Trooper Dountas, Trooper Chris Bourne, Corporal Jeff Remeikas, Trooper Beers, Trooper John Doe #s 1-8, Warden

Troy Nelson, CO Holliday, and/or CO John Doe #s 1-5,  to have proper policies, training and supervision related to detention of suicidal persons, despite the obvious need for such policies, as well as the deliberate indifference of  Defendants, Doctor John Doe and Defendants, Debra Slick, RN, Liana Altemus, RN, Katherine Barrett, RN, Todd Haskins and John Does #'s 1-5  it was a foreseeable consequence that decedent, left unattended, would attempt to harm himself and impose an immediate threat to his own safety and well being.

79.     As a further direct and proximate result of the above deliberate indifference of Fulton County, Commissioner Stuart Ulsh, Commissioner Rodney L. McCray, Commissioner Larry R. Lynch, Fulton County Sheriff Keith Stains, Fulton County Deputy Sheriff John Doe #1-5, Bedford County, Bedford County Sheriff Charwin Reichelderfer, Bedford County Deputy Sheriff John Doe #1-5, Commissioner Tyree Blocker, Trooper Pierotti, Trooper Sprague, Corporal Barnett, Trooper Dountas, Trooper Chris Bourne, Corporal Jeff Remeikas, Trooper Beers, Trooper John Doe #s 1-8, Warden Troy Nelson, CO Holliday, and/or CO John Doe #s 1-5 as well as, Defendants, Doctor John Doe and Defendants, Debra Slick, RN, Liana Altemus, RN, Katherine Barrett, RN, Todd Haskins and John/Jane Doe # 1-5  the decedent, Jeffrey Allen McCracken, suffered enormous emotional pain and physical suffering, and committed suicide thereby suffering a complete loss of earnings and earnings capacity.

## COUNT I - 42 U.S.C. 1983
## DUE PROCESS CLAUSE--DELIBERATE INDIFFERENCE TO
## KNOWN RISK OF SUICIDE
## PLAINTIFF v. ALL DEFENDANTS

80.     All of the preceding paragraphs are incorporated by reference as if more fully set-forth herein.

81.     As alleged above, Defendants, Fulton County, Commissioner Stuart Ulsh, Commissioner Rodney L. McCray, Commissioner Larry R. Lynch, Fulton County Sheriff

Keith Stains, Fulton County Deputy Sheriff John Doe #1-5, Bedford County, Bedford
County Sheriff Charwin Reichelderfer, Bedford County Deputy Sheriff John Doe #1-5,
Commissioner Tyree Blocker, Trooper Pierotti, Trooper Sprague, Corporal Barnett,
Trooper Dountas, Trooper Chris Bourne, Corporal Jeff Remeikas, Trooper Beers,
Trooper John Doe #s 1-8, Warden Troy Nelson, CO Holliday, and/or CO John Doe #s 1-
5 as well as, Defendants, Doctor John Doe and Defendants, Debra Slick, RN, Liana
Altemus, RN, Katherine Barrett, RN, Todd Haskins and John/Jane Doe # 1-5  knew that
Jeffrey McCracken was particularly vulnerable to suicide and that there was a strong
likelihood that he would attempt suicide, and notwithstanding this knowledge of a
significant risk to Jeffrey McCracken's health and safety, they were deliberately
indifferent by failing to take any action or precaution to prevent McCracken from
hanging himself, such as placing him on suicide watch or providing him adequate
psychiatric care and treatment.

83. Jeffrey McCracken's vulnerability to suicide was known and obvious as
he had been arrested as a result of his attempt to kill himself with a shotgun.

83. Defendants intentionally and/or with deliberate indifference ignored this
risk or vulnerability and allowed Jeffrey McCracken to hang himself.

84. As the direct and proximate result of the above deliberate indifference of
Defendants, Fulton County, Commissioner Stuart Ulsh, Commissioner Rodney L.
McCray, Commissioner Larry R. Lynch, Fulton County Sheriff Keith Stains, Fulton
County Deputy Sheriff John Doe #1-5, Bedford County, Bedford County Sheriff Charwin
Reichelderfer, Bedford County Deputy Sheriff John Doe #1-5, Commissioner Tyree
Blocker, Trooper Pierotti, Trooper Sprague, Corporal Barnett, Trooper Dountas, Trooper
Chris Bourne, Corporal Jeff Remeikas, Trooper Beers, Trooper John Doe #s 1-8, Warden
Troy Nelson, CO Holliday, and/or CO John Doe #s 1-5 as well as, Defendants, Doctor
John Doe and Defendants, Debra Slick, RN, Liana Altemus, RN, Katherine Barrett, RN,
Todd Haskins and John Doe # 1-5 , Jeffrey McCracken hanged himself.

17

85.     The above described actions of Defendants Commissioner Stuart Ulsh, Commissioner Rodney L. McCray, Commissioner Larry R. Lynch, Fulton County Sheriff Keith Stains, Fulton County Deputy Sheriff John Doe #1-5, Bedford County Sheriff Charwin Reichelderfer, Bedford County Deputy Sheriff John Doe #1-5Commissioner Tyree Blocker, Trooper Pierotti, Trooper Sprague, Corporal Barnett, Trooper Dountas, Trooper Chris Bourne, Corporal Jeff Remeikas, Trooper Beers, Trooper John Doe #s 1-8, Warden Troy Nelson, CO Holliday, and/or CO John Doe #s 1-5 as well as, Defendants, Doctor John Doe and Defendants, Debra Slick, RN, Liana Altemus, RN, Katherine Barrett, RN, Todd Haskins and John/Jane Doe # 1-5, in their individual capacities, were so malicious, intentional and reckless and displayed such a reckless indifference to the Plaintiff's rights and well-being, that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §1983 and §1988, Plaintiff demands compensatory and punitive damages against the Defendants, Fulton County, Commissioner Stuart Ulsh, Commissioner Rodney L. McCray, Commissioner Larry R. Lynch, Fulton County Sheriff Keith Stains, Fulton County Deputy Sheriff John Doe #1-5, Bedford County, Bedford County Sheriff Charwin Reichelderfer, Bedford County Deputy Sheriff John Doe #1-5, Commissioner Tyree Blocker, Trooper Pierotti, Trooper Sprague, Corporal Barnett, Trooper Dountas, Trooper Chris Bourne, Corporal Jeff Remeikas, Trooper Beers, Trooper John Doe #s 1-8, Warden Troy Nelson, CO Holliday, and/or CO John Doe #s 1-5 as well as, Defendants, Doctor John Doe and Defendants, Debra Slick, RN, Liana Altemus, RN, Katherine Barrett, RN, Todd Haskins and John/Jane Doe # 1-5, jointly and/or severally, in an amount sufficient to fully and adequately compensate the Plaintiff and punish and deter the defendants, plus interest, costs, attorney's fees and all other appropriate relief.

18

## COUNT II - 42 U.S.C. 1983 AND 1988
## INADEQUATE MEDICAL CARE
## PLAINTIFF V. PRIMECARE MEDICAL , INC., DOCTOR JOHN DOE AND DEFENDANTS, DEBRA SLICK, RN, LIANA ALTEMUS, RN, KATHERINE BARRETT, RN, TODD HASKINS AND JOHN/JANE DOE # 1-5

86.     All of the preceding paragraphs are incorporated by reference as if more fully set-forth herein.

87.     As alleged above, Defendants, PrimeCare Medical , Inc., Doctor John Doe and Defendants, Debra Slick, RN, Liana Altemus, RN, Katherine Barrett, RN, Todd Haskins and John/Jane Doe # 1-5  were professional health care providers who were responsible for providing medical care and treatment to the Plaintiff while he was incarcerated at BCP.

88.     As alleged above C/O Holliday, and/or C/O John Doe #s 1-5 were correctional officers well versed in psychiatric needs of inmates and were responsible to coordinate psychiatric and medical needs of inmates with the medical staff available at BCP.

89.     During his incarceration at BCP all of Defendants knew or should have known that McCracken was particularly vulnerable to suicide, and that there was a strong likelihood that he would attempt suicide, yet none of whom took any action to place McCracken on suicide watch and/or provide him psychiatric counseling and evaluation, adequate medication and care and treatment.

90.     Defendants knew McCracken required psychiatric counseling and evaluation, special treatment, medications, housing, care and treatment.

91.     At all times pertinent hereto, Plaintiff's risk of and vulnerability to suicide constituted a serious medical need and was so obvious that non-doctors would know that a prisoner who had just attempted to commit suicide and received criminal charges as a result of that suicide, should be placed on suicide watch and receive psychiatric care and counseling, special treatment, medications, housing, care and treatment.

19

92.     Notwithstanding that McCracken's risk of risk of and vulnerability to suicide constituted a serious medical need that was so obvious to non-medical personnel, Defendants, PrimeCare Medical , Inc., Doctor John Doe and Defendants, Debra Slick, RN, Liana Altemus, RN, Katherine Barrett, RN, Todd Haskins and John/Jane Doe # 1-5 refused to provide McCracken with any medical treatment or supervision, resulting in the unnecessary infliction of pain and ultimate death that could have been avoided if prompt medical attention had been provided.

93.     Based on the above, Defendants, PrimeCare Medical, Inc., Doctor John Doe and Defendants, Debra Slick, RN, Liana Altemus, RN, Katherine Barrett, RN, Todd Haskins and John/Jane Doe # 1-5  knew of an excessive risk to Plaintiff's health and well being and disregarded that risk by failing to take reasonable measures to address McCracken's risk of and vulnerability to suicide.

94.     Acting with deliberate indifference to Plaintiff's serious medical need, Defendants, PrimeCare Medical , Inc., Doctor John Doe and Defendants, Debra Slick, RN, Liana Altemus, RN, Katherine Barrett, RN, Todd Haskins and John/Jane Doe # 1-5, participated in and were responsible for the decision to deny the Plaintiff his needed medical care and treatment.

95.     The aforementioned Defendants acting within the course and scope of their employment, under the color of state law, and pursuant to the customs and practices of Fulton County, Bedford County, Bedford County Prison and PrimeCare, failed to provide the Plaintiff with adequate medical care, and ignored Plaintiff's risk of and vulnerability to suicide and his need for medical care and resulted in extreme pain and suffering, humiliation and degradation to the Plaintiff, along with his ultimate death by hanging, in violation of the Plaintiff's rights under Laws and Constitution of the Commonwealth of Pennsylvania and the United States; all of which violated Plaintiff's rights under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States and the Commonwealth of Pennsylvania and in violation of 42 U.S.C. §1983 .

96.     As a direct and proximate result of the malicious, intentional, deliberate, and/or reckless actions of the  Defendants, PrimeCare Medical , Inc., Doctor John Doe and Defendants, Debra Slick, RN, Liana Altemus, RN, Katherine Barrett, RN, Todd Haskins and John/Jane Doe # 1-5 , the Plaintiff suffered injuries which are described above.

97.     The above described actions of the Defendants, PrimeCare Medical , Inc., Doctor John Doe and Defendants, Debra Slick, RN, Liana Altemus, RN, Katherine Barrett, RN, Todd Haskins and John/Jane Doe # 1-5  in their individual capacities, were so malicious, intentional and reckless and displayed such a reckless indifference to the Plaintiff's rights and well-being, that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §1983 and §1988, Plaintiff, demands compensatory and punitive damages against the Defendants, PrimeCare Medical, Inc., Doctor John Doe and Defendants, Debra Slick, RN, Liana Altemus, RN, Katherine Barrett, RN, Todd Haskins and John/Jane Doe # 1-5  jointly and/or severally, in an amount sufficient to fully and adequately compensate the Plaintiff and punish and deter the Defendants, plus interest, costs, attorney's fees and all other appropriate relief.

**COUNT III - 42 U.S.C. 1983**
**SUBSTANTIVE DUE PROCESS CLAUSE**
**PLAINTIFF V. FULTON COUNTY SHERIFF KEITH STAINS AND/OR**
**FULTON COUNTY DEPUTY SHERIFF JOHN DOE # 1-5, AND/OR BEDFORD**
**COUNTY SHERIFF CHARWIN REICHELDERFER, AND/OR BEDFORD**
**COUNTY DEPUTY SHERIFF JOHN DOE #1-5, TROOPER JASON PIEROTTI,**
**AND/OR TROOPER SETH SPRAGUE, AND/OR CORPORAL ELLIS**
**BARNETT, AND/OR TROOPER JAMES DOUNTAS, AND/OR TROOPER**
**CHRIS BOURNE, AND/OR CORPORAL JEFF REIMEIKAS, AND/OR**
**TROOPER ZACHARY BEERS, AND/OR TROOPER JOHN DOE #S 1-8**

98.     All of the preceding paragraphs are incorporated by reference as if more fully set-forth herein.

99.     As alleged above, Defendants, Fulton County Sheriff Keith Stains and/or Fulton County Deputy Sheriff John Doe # 1-5, and/or Bedford County Sheriff Charwin Reichelderfer, and/or Bedford County Deputy Sheriff John Doe #1-5, Trooper Jason Pierotti, and/or Trooper Seth Sprague, and/or Corporal Ellis Barnett, and/or Trooper James Dountas, and/or Trooper Chris Bourne, and/or Corporal Jeff Reimeikas, and/or Trooper Zachary Beers, and/or Trooper John Doe #s 1-8 were professionals in law enforcement who were responsible for the proper evaluation of McCracken, a pretrial detainee and also responsible for communicating to BCP the medical information and necessary details of the circumstances of McCracken's arrest, including the fact that he was arrested on charges related to his attempt to kill himself.

100.     All  Defendants knew or should have known that McCracken was particularly at risk for and vulnerable to suicide, and that there was a strong likelihood that he would attempt suicide, yet none of them took any action to have McCracken provided any psychiatric counseling and evaluation, adequate medication and care and treatment.

101.     All Defendants used their authority to create an opportunity for danger that otherwise would not have existed when they affirmatively arrested the Plaintiff and issued a criminal complaint instead of having him 302'd or evaluated by a psychiatrist.

102.     All Defendants used their authority to create an opportunity for danger that otherwise would not have existed when they affirmatively arrested and transported the Plaintiff to BCP instead of having him 302'd or evaluated by a psychiatrist.

103.     All Defendants acted in willful disregard of the Plaintiff's safety when, despite their knowledge that he was suicidal, they affirmatively arrested the Plaintiff and transported him to BCP instead of getting him the medical help he needed and/or having him evaluated by a psychiatrist or 302'd.

104.     In light of the fact that the Plaintiff was arrested regarding his attempt to kill himself with a shotgun, the harm to the Plaintiff resulting from the Plaintiff's

affirmative act of arresting the Plaintiff instead of having him 302'd, i.e., his suicide, was foreseeable and fairly direct.

105.    In addition, all Defendants acted with reckless disregard and deliberate indifference to Plaintiff's Due Process right to life and liberty when they arbitrarily and capriciously decided to arrest the Plaintiff instead of taking him for psychiatric evaluation and treatment or having him 302'd.

106.    All Defendants knew or should have known that McCracken had attempted suicide and was at risk of and particularly vulnerable to suicide and had a duty to have McCracken's paperwork reflect his suicide attempt, and a duty to have it communicated to all treating and custodial personnel and/or their decision to arrest and charge the Plaintiff with criminal offenses instead of having him evaluated by a psychiatrist or 302'd shocks the conscience.

107.    All Defendants acted arbitrarily and capriciously and abused their authority by failing to ensure that  he receive psychological counseling and treatment and that the personnel at BCP would place McCracken on suicide watch. Plaintiff's risk of and vulnerability to suicide was so obvious to any lay person who would know that an individual who had just attempted to commit suicide and received criminal charges as a result of that suicide, should be placed on suicide watch and receive psychiatric care and counseling, special treatment, medications, housing, care and treatment.

108.    Notwithstanding that McCracken's risk of and vulnerability to suicide constituted a serious medical need that was so obvious to any lay person, Defendants Fulton County Sheriff Keith Stains and/or Fulton County Deputy Sheriff John Doe # 1-5, and/or Bedford County Sheriff Charwin Reichelderfer, and/or Bedford County Deputy Sheriff John Doe #1-5, Trooper Jason Pierotti, and/or Trooper Seth Sprague, and/or Corporal Ellis Barnett, and/or Trooper James Dountas, and/or Trooper Chris Bourne, and/or Corporal Jeff Reimeikas, and/or Trooper Zachary Beers, and/or Trooper John Doe #s 1-8. abused their government authority and violated McCracken's right to substantive due

process, resulting in the unnecessary infliction of pain, humiliation, losses and ultimate death that could have been avoided.

109.   Based on the above, Defendants Fulton County Sheriff Keith Stains and/or Fulton County Deputy Sheriff John Doe # 1-5, and/or Bedford County Sheriff Charwin Reichelderfer, and/or Bedford County Deputy Sheriff John Doe #1-5, Trooper Jason Pierotti, and/or Trooper Seth Sprague, and/or Corporal Ellis Barnett, and/or Trooper James Dountas, and/or Trooper Chris Bourne, and/or Corporal Jeff Reimeikas, and/or Trooper Zachary Beers, and/or Trooper John Doe #s 1-8. knew of an excessive risk to Plaintiff's health and well being and disregarded that risk by failing to take reasonable measures to address McCracken's risk of and vulnerability to suicide.

110.   Acting arbitrarily and capriciously Defendants Fulton County Sheriff Keith Stains and/or Fulton County Deputy Sheriff John Doe # 1-5, and/or Bedford County Sheriff Charwin Reichelderfer, and/or Bedford County Deputy Sheriff John Doe #1-5, Trooper Jason Pierotti, and/or Trooper Seth Sprague, and/or Corporal Ellis Barnett, and/or Trooper James Dountas, and/or Trooper Chris Bourne, and/or Corporal Jeff Reimeikas, and/or Trooper Zachary Beers, and/or Trooper John Doe #s 1-8. participated in and were responsible for McCracken's lack of treatment and ultimate death.

111.   The aforementioned Defendants' arbitrary and capricious conduct in failing to initiate and/or provide the Plaintiff with adequate medical care, and ignoring the Plaintiff's risk of and vulnerability to suicide and his need for medical care resulted in extreme pain and suffering, humiliation and degradation to the Plaintiff, along with his ultimate death by hanging, in violation of the Plaintiff's rights under the Due Process Clause of the Fourteenth Amendment.

112.   As a direct and proximate result of the malicious, intentional, deliberate, and/or reckless actions of the  Defendants Fulton County Sheriff Keith Stains and/or Fulton County Deputy Sheriff John Doe # 1-5, and/or Bedford County Sheriff Charwin Reichelderfer, and/or Bedford County Deputy Sheriff John Doe #1-5, Trooper Jason

24

Pierotti, and/or Trooper Seth Sprague, and/or Corporal Ellis Barnett, and/or Trooper James Dountas, and/or Trooper Chris Bourne, and/or Corporal Jeff Reimeikas, and/or Trooper Zachary Beers, and/or Trooper John Doe #s 1-8 the Plaintiff suffered injuries which are described above.

113.    The above described actions of the Defendants Fulton County Sheriff Keith Stains and/or Fulton County Deputy Sheriff John Doe # 1-5, and/or Bedford County Sheriff Charwin Reichelderfer, and/or Bedford County Deputy Sheriff John Doe #1-5, Trooper Jason Pierotti, and/or Trooper Seth Sprague, and/or Corporal Ellis Barnett, and/or Trooper James Dountas, and/or Trooper Chris Bourne, and/or Corporal Jeff Reimeikas, and/or Trooper Zachary Beers, and/or Trooper John Doe #s 1-8  in their individual capacities, were so malicious, intentional and reckless and displayed such a reckless indifference to the Plaintiff's rights and well-being, that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §1983 and §1988, Plaintiff, demands compensatory and punitive damages against the Defendants Fulton County, Sheriff Keith Stains and/or Fulton County Deputy Sheriff John Doe # 1-5, and/or Bedford County Sheriff Charwin Reichelderfer, and/or Bedford County Deputy Sheriff John Doe #1-5, Trooper Jason Pierotti, and/or Trooper Seth Sprague, and/or Corporal Ellis Barnett, and/or Trooper James Dountas, and/or Trooper Chris Bourne, and/or Corporal Jeff Reimeikas, and/or Trooper Zachary Beers, and/or Trooper John Doe #s 1-8  jointly and/or severally, in an amount sufficient to fully and adequately compensate the Plaintiff and punish and deter the Defendants, plus interest, costs, attorney's fees and all other appropriate relief.

**COUNT IV - 42 U.S.C. 1983**
**SUBSTANTIVE DUE PROCESS CLAUSE**
**PLAINTIFF V. DEFENDANTS, C/O HOLLIDAY, AND/OR C/O JOHN DOE # 1-5**

114.   All of the preceding paragraphs are incorporated by reference as if more fully set-forth herein.

115.   As alleged above, Defendants, C/O Holliday, and/or C/O John Doe # 1-5 were corrections officers who were responsible for proper evaluation of McCracken, a pretrial detainees in their custody at BCP.

116.   C/O Holliday, and/or C/O John Doe # 1-5  knew or should have known that McCracken was particularly at risk for and vulnerable to suicide, and that there was a strong likelihood that he would attempt suicide, yet none of whom took any action to have McCracken provided any psychiatric counseling and evaluation, adequate medication and care and treatment or place him on suicide watch.

117.   C/O Holliday and/or C/O John Doe #1-5 arbitrarily and capriciously ignored the telephone conversation that they monitored between McCracken and Moore wherein McCracken told Moore where to find his suicide note.

118.   C/O Holliday and/or C/O John Doe #1-5  acted arbitrarily and capriciously by not taking McCracken for psychatric evaluation and treatment and/or placing him in suicide watch.

119.   C/O Holliday and/or C/O John Doe #1-5  knew or should have known that McCracken had attempted suicide and was at risk of and particularly vulnerable to suicide and had a duty to have McCracken's paperwork reflect his suicide note and prior attempt.

120.   All Defendants acted arbitrarily and capriciously by failing to inform personnel at BCP of  McCracken's suicide note and/or the necessity of placing McCracken on suicide watch. Plaintiff's risk of and vulnerability to suicide was so obvious to any lay

26

person who would know that an individual who had just attempted to commit suicide, had left a suicide note and received criminal charges as a result of that suicide, should be placed on suicide watch and receive psychiatric care and counseling, special treatment, medications, housing, care and treatment.

121.    Notwithstanding that McCracken's risk of and vulnerability to suicide constituted a serious medical need that was so obvious to any lay person, Defendants C/O Holliday and/or C/O John Doe #1-5 abused their government authority and violated McCracken's right to substantive due process, resulting in the unnecessary infliction of pain and ultimate death that could have been avoided.

122.    Based on the above, Defendants C/O Holliday and/or C/O John Doe #1-5 knew of an excessive risk to Plaintiff's health and well being and disregarded that risk by failing to take reasonable measures to address McCracken's risk of and vulnerability to suicide.

123.    Acting arbitrarily and capriciously Defendants C/O Holliday and/or C/O John Doe #1-5 participated in and were responsible McCracken's lack of treatment and ultimate death.

124.    The aforementioned Defendants' arbitrary and capricious conduct in failing to initiate and/or provide the Plaintiff with adequate monitoring, placement on suicide watch, referral to psychiatric counseling and treatment, and ignoring the Plaintiff's risk of and vulnerability to suicide and his need for medical care resulted in extreme pain and suffering, humiliation and degradation to the Plaintiff, along with his ultimate death by hanging, in violation of the Plaintiff's rights under the Due Process Clause of the Fourteenth Amendment.

125.    As a direct and proximate result of the malicious, intentional, deliberate, and/or reckless actions of the Defendants C/O Holliday and/or C/O John Doe #1-5, Plaintiff suffered injuries which are described above.

126.    The above described arbitrary and capricious actions of the Defendants, C/O

Holliday and/or C/O John Doe #1-5, in their individual capacities, were so malicious,

intentional and reckless and displayed such a reckless indifference to the Plaintiff's rights

and well-being, that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §1983 and §1988, Plaintiff, demands

compensatory and punitive damages against the Defendants, C/O Holliday and/or C/O John

Doe #1-5 jointly and/or severally, in an amount sufficient to fully and adequately

compensate the Plaintiff and punish and deter the Defendants, plus interest, costs, attorney's

fees and all other appropriate relief.

**COUNT V - CUSTOM AND POLICY OF UNCONSTITUTIONAL CONDUCT
PLAINTIFF v. FULTON COUNTY, COMMISSIONER STEWART ULSH,
COMMISSIONER RODNEY L. MCCRAY, COMMISSIONER LARRY L. LYNCH,
BEDFORD COUNTY, FULTON COUNTY SHERIFF KEITH STAINS, BEDFORD
COUNTY SHERIFF CHERWIN REICHELDERFER, PRIMECARE MEDICAL,
INC, COMMISSIONER FOR THE STATE POLICE  COLONEL TYREE
BLOCKER  AND WARDEN TROY NELSON**

127.    All of the preceding paragraphs are incorporated by reference as if more

fully set-forth herein.

128.    The Plaintiff believes and therefore avers that the Defendants, Fulton

County, Commissioner Stuart Ulsh, Commissioner Rodney McCray, Commissioner

Larry R. Lynch, Fulton County Sheriff Keith Stains, Bedford County, Bedford County

Sheriff Cherwin Reichelderfer, PrimeCare Medical, Colonel Tyree Blocker and/or

Warden Troy Nelson have adopted and maintained for many years a recognized and

accepted policy, custom, and practice of condoning and/or the acquiescence of the

deliberate indifference to serious medical needs of citizens, arrestees, detainees and

inmates, and subjecting them to the same type of treatment to which Plaintiff was

subjected, which policy violates the Due Process Clause of the Fourteenth Amendment of

the Constitution of the United States, the laws of the United States and of the Commonwealth of Pennsylvania and was in violation of 42 U.S.C. § 1983.

129.    The aforementioned unconstitutional policy, custom and practice includes failing to provide adequate policies and procedures for identifying persons who are high suicide risks, failing to have proper intervention procedures, failing to have adequate policies and procedures for addressing persons who are suicidal, failing to provide them with adequate psychiatric medical care and treatment, failing to place them on suicide watch,  and allowing them to have access to unsupervised bathrooms.

130.    The aforementioned unconstitutional policy, custom and practice is based on Defendants desire to save money by not providing the required medical care and treatment and also a systemic belief that citizens, arrestees, detainees and prisoners are manipulative and the psychiatric needs, even where a person is suicidal, does not warrant medical care and treatment.

131.    The Plaintiff believes and therefore avers that the Defendants, Fulton County, Commissioner Stuart Ulsh, Commissioner Rodney McCray, Commissioner Larry R. Lynch, Fulton County Sheriff Keith Stains, Bedford County, Bedford County Sheriff Cherwin Reichelderfer, PrimeCare Medical, Colonel Tyree Blocker and/or Warden Troy Nelson, have adopted and maintained for many years a recognized and accepted policy, custom, and practice of failing to adequately train prison and medical staff employees regarding the warning signs of potential suicides, and failing to adequately train them regarding the necessary precautions to avoid suicides, and of failing to discipline employees who allow suicides to occur on their watch.

132.     The Defendants, Defendants Fulton County, Commissioner Stuart Ulsh, Commissioner Rodney McCray, Commissioner Larry R. Lynch, Fulton County Sheriff Keith Stains, Bedford County, Bedford County Sheriff Cherwin Reichelderfer, PrimeCare Medical, Colonel Tyree Blocker and/or Warden Troy Nelson have been deliberately indifferent to the rights of citizens, detainees of Fulton County and inmates of BCP to be provided with essential medical care, which deliberate indifference violates the Plaintiff's rights under the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States, the laws of the United States and of the Commonwealth of Pennsylvania and was in violation of 42 U.S.C. § 1983.

133.     The Plaintiff believes and therefore avers, that at the time of the aforementioned incident, Defendants, Fulton County, Commissioner Stuart Ulsh, Commissioner Rodney McCray, Commissioner Larry R. Lynch, Fulton County Sheriff Keith Stains, Bedford County, Bedford County Sheriff Cherwin Reichelderfer, PrimeCare Medical, Colonel Tyree Blocker and/or Warden Troy Nelson knew or should have known of the above described policy and that it deliberately, knowingly, and/or negligently failed to take measures to stop or limit the policy, including, inter alia, providing proper training, supervision, and control of the officers, agents, and/or employees of  BCP, the State Police and/or PMC.

134.     By failing to take action to stop or limit the policy and/or by remaining deliberately indifferent to the systematic abuses which occurred in accordance with and as a direct and proximate result of the policy, Defendants, Fulton County, Commissioner Stuart Ulsh, Commissioner Rodney McCray, Commissioner Larry R. Lynch, Fulton County Sheriff Keith Stains, Bedford County, Bedford County Sheriff Cherwin Reichelderfer,

PrimeCare Medical, Colonel Tyree Blocker and/or Warden Troy Nelson, condoned, acquiesced in, participated in, and perpetrated the policy in violation of the Plaintiff's rights under the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania, the Laws of the United States and of the Commonwealth of Pennsylvania, and was in violation of 42 U.S.C. § 1983.

135.    The Plaintiff believes and therefore avers that the Defendants, Fulton County, Commissioner Stuart Ulsh, Commissioner Rodney McCray, Commissioner Larry R. Lynch, Fulton County Sheriff Keith Stains, Bedford County, Bedford County Sheriff Cherwin Reichelderfer, PrimeCare Medical, Colonel Tyree Blocker and/or Warden Troy Nelson, have adopted and maintained for many years a recognized and accepted policy consisting of an inadequate system of review of claims of inadequate medical care and prior suicides, as well as complaints of unsupervised detainees and inmates, which system has failed to identify instances of deliberate indifference to serious medical needs or insure that arrestee, detainees and/or prisoners serious medical needs are being met.

**WHEREFORE**, pursuant to 42 U.S.C. § 1983 and § 1988, Plaintiff demands compensatory damages against Defendants, Fulton County, Commissioner Stuart Ulsh, Commissioner Rodney McCray, Commissioner Larry R. Lynch, Fulton County Sheriff Keith Stains, Bedford County, Bedford County Sheriff Cherwin Reichelderfer, PrimeCare Medical, Colonel Tyree Blocker and/or Warden Troy Nelson, jointly and/or severally, in an amount sufficient to fully and adequately compensate the Plaintiff, plus interest, costs, attorney's fees and all other appropriate relief.

## COUNT VI- PENNSYLVANIA LAW
## NEGLIGENCE
## PLAINTIFF v. PMC, DOCTOR

136.    All preceding paragraphs are fully incorporated herein by reference.

137.    At all times relevant hereto, PMC, Defendants, Doctor John Doe and Defendants, Debra Slick, RN, Liana Altemus, RN, Katherine Barrett, RN, Todd Haskins and John/Jane Doe # 1-5 had a duty to comply with generally accepted medical standards of care in their treatment of  Jeffrey McCracken.

138.    Defendants, PMC, Doctor John Doe and Defendants, Debra Slick, RN, Liana Altemus, RN, Katherine Barrett, RN, Todd Haskins and John/Jane Doe # 1-5 violated their duty of care to Jeffrey McCracken.

139.    The Defendants' violation of their duty of care to Jeffrey McCracken was a direct and proximate cause and a substantial factor in bringing about Jefferey McCracken's injuries and death, as set-forth above, and accordingly Defendants are liable to Plaintiff under Pennsylvania law.

**WHEREFORE**, pursuant to Pennsylvania law, Plaintiff demands compensatory damages, from Defendants, PMC, Doctor John Doe and Defendants, Debra Slick, RN, Liana Altemus, RN, Katherine Barrett, RN, Todd Haskins and John/Jane Doe # 1-5 jointly and/or severally, in an amount sufficient to fully and adequately compensate the Plaintiff, plus interest, costs, attorney's fees and all other appropriate relief.

## COUNT VII - WRONGFUL DEATH ACTION
## PLAINTIFF v. ALL DEFENDANTS

140.    All preceding paragraphs are fully incorporated herein by reference.

141.    As a direct and proximate result of the aforementioned actions of the defendants, the decedent, Jeffrey McCracken, his family and his estate have suffered severe emotional and pecuniary losses and damages including the following:

(a)    an amount which will cover all funeral, burial and estate administration expenses incurred;

(b)    an amount which will fairly and adequately compensate the family members of the decedent for their loss of such contributions as they would have received between the time of the death of the decedent and today. This includes all monies that the decedent would have spent for or given to his family;

(c)    an amount which will fairly and adequately compensate his family for the loss of such contributions as the decedent would have contributed to the support of his family between today and the end of his normal life expectancy; and

(d)    an amount which will fairly and adequately compensate his family for the pecuniary and emotional value of the services, society and comfort that he would have given to his family had he lived including such elements as provision of physical comfort and services and provision of society and comfort.

**WHEREFORE**, pursuant to 42 U.S.C. § 1983 and Pennsylvania Negligence Law, plaintiff, the Estate of Jeffrey Allen McCracken, demands compensatory and punitive damages against all defendants, jointly and/or severally, in an amount sufficient to fully and adequately compensate the Plaintiff, plus interest, costs, attorney's fees and all other appropriate relief.

## COUNT VII-PENNSYLVANIA SURVIVAL ACT
## PLAINTIFF v. ALL DEFENDANTS

142.    All preceding paragraphs are fully incorporated herein by reference.

143.    As a direct and proximate result of the aforementioned actions of the defendants, the decedent, Jeffrey McCracken, his family and his estate are entitled to damages which shall include the following:

(a)    an award of the total net amount that the decedent would have earned between the date of his death and today;

(b)    an award of the net amount that the decedent would have earned between today and the natural end of the decedent's life expectancy; and

(c)    an award of such an amount as will fairly and adequately compensate the estate for the mental and physical pain and suffering that the decedent endured from the moment of the improper treatment by the defendants to the moment of his death as a foreseeable result of the improper treatment.

**WHEREFORE**, pursuant to 42 U.S.C. § 1983 and Pennsylvania Law, the plaintiff, the Estate of Jeffrey Allen McCracken, demands compensatory and punitive damages against defendants, jointly and/or severally, in an amount sufficient to fully and adequately compensate the Plaintiff, plus interest, costs, attorney's fees and all other appropriate relief.

ABRAMSON & DENENBERG, P.C.

BY:____ s/Thomas Bruno, II____
THOMAS BRUNO, II, ESQ.

34